IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

STEFAN HODGDEN,

                    Plaintiff,

vs.

MOUNTAIN WEST INSURANCE AND
FINANCIAL SERVICES LLC d/b/a MOUNTAIN
WEST INSURANCE,

                    Defendant.

**COMPLAINT FOR UNPAID WAGES**

Plaintiff Stefan Hodgden ("Hodgden" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Mountain West Insurance and Financial Services LLC d/b/a Mountain West Insurance ( "Defendant" or "Mountain West"), alleges the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant as an "Account Executive."

2. From December 6, 2017 through January 17, 2025 Plaintiff worked for Defendants.

3. For the reasons discussed below, Defendant violated both Federal and Colorado state law.

4. Defendant failed to pay Plaintiff time and one-half when he worked more than 40 hours in a given week.

5. Accordingly, Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because that Act requires employers to pay their employees one and one-half times

each employee's regular rate of pay for each hour worked beyond 40 each workweek.

6. In addition, by failing to pay overtime at time and one-half, Defendant violated the Colorado Minimum Wage Act ("CMWA")

7. Defendant also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, et seq., which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due within 14 days upon receipt of a written demand for such wages.

8. Plaintiff seeks actual and liquidated damages, penalties, pre-and post-judgment interest, and attorney fees and costs regulating from Defendant's willful violations of state and federal wage law.

## II.   JURISDICTION AND VENUE

9. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this civil action arises under the laws of the United States.

11. This Court has further jurisdiction under 28 U.S.C. § 1332(a) as there is complete diversity among the parties.

12. Defendant employed the named Plaintiff in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

13. Defendant operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

14. Defendant operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000. 29 U.S.C. § 203(s)(10)(A)(ii).

15. This Court has supplemental jurisdiction over the Colorado state law claims under the

principles of pendent and ancillary jurisdiction.

16. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

17. Venue is also proper in this district under 28 U.S.C 1391(b)(1) as Defendant resides in this district.

### III.  PARTIES

18. Plaintiff is a resident of the State of Arizona.

19. Mountain West Insurance and Financial Services LLC is a registered Colorado corporation with a principal street address of 100 E. Victory Way, Craig, CO 81625.

### IV.  GENERAL ALLEGATIONS

20. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**Mountain West Insurance**

21. Per their website, Mountain West Insurance is a multi-line insurance company in the areas of personal insurance, commercial insurance, employee benefits and financial services.

22. Mountain West Insurance determined the job duties, salary and work schedules of Plaintiff.

**Plaintiff's Employment with Defendant**

23. Plaintiff's highest level of education is high school graduate.

24. Plaintiff does not have a specialized degree.

25. In 2011, Plaintiff initially began employment with the Neil-Garing Agency.

26. From 2011 through December 6, 2017 Neil-Garing classified Plaintiff as non-exempt.

27. As a result, during this period, Plaintiff was eligible for overtime pay under both

Federal and Colorado law.

28. During this period, Plaintiff received overtime pay when he worked more than 40 hours in a given week.

29. Except for when he was initially hired by Neil Garing and received training, Plaintiff performed the same job duties at Neil-Garing he performed for Mountain West.

30. In 2017, Mountain West Insurance purchased Neil-Garing.

31. Specifically, on or about December 6, 2017 Mountain West purchased Neil-Garing and became Plaintiff's employer.

32. On January 1, 2019 Mountain West unlawfully classified Plaintiff as exempt.

33. As a result, from January 1, 2019 until January 17, 2025, Plaintiff was not eligible to receive overtime pay.

34. From January 1, 2019 to January 17, 2025, Plaintiff virtually always worked more than 40 hours in a given week.

35. On June 8, 2019 Plaintiff moved to Arizona.

36. Plaintiff became Mountain West's first remote employee.

37. Mountain West, though, has other remote employees.

38. From June 9, 2019 through December 31, 2019 Mountain West unlawfully classified Plaintiff as an independent contractor.

39. From January 1, 2020 until the end of his employment, Mountain West lawfully classified Plaintiff as an employee.

**Plaintiff's Job Duties**

40. Plaintiff's job duties at Mountain West remained the same throughout his employment.

41. Plaintiff did not supervise employees.

42. Plaintiff did not have the authority to hire employees.

43. Plaintiff did not have the authority to fire employees.

44. Plaintiff did not perform duties that are important to the decision-making process.

45. Plaintiff did not exercise independent judgment and discretion.

46. Plaintiff did not work on matters of significance.

47. Plaintiff did not have the authority to formulate, affect, interpret or implement management policies or operating practices.

48. Most of the work that Plaintiff performed was sorting and assigning mail to other team members, reviewing upcoming insurance renewals and preparing a review packet for the responsive agent, updating the client's computer file, confirming billing and invoicing and communications with underwriters regarding renewals.

49. Plaintiff did not have the ability to implement changes in clients' accounts or policies without approval from the client.

50. Plaintiff only worked with Colorado based clients.

**Plaintiff's Work Schedule**

51. Plaintiff's official regular work schedule was from 8:00 a.m. to 5:00 p.m.

52. However, despite this regular schedule, Plaintiff consistently worked beyond the standard eight-hour work day.

53. Plaintiff usually worked at least 50 hours each week.

54. Plaintiff worked more than 50 hours because he often worked past 5:00 p.m. and often worked on the weekends.

**Plaintiff Informed Defendant of Unpaid Wages under COMPS**

55. On November 1, 2024 Plaintiff sent an e-mail to Mountain West's human resources.

56. In this e-mail, Plaintiff informed Mountain West that he had been improperly classified as exempt.

57. In this e-mail, noting that he was non-exempt, Plaintiff relied solely upon the Colorado Overtime and Minimum Pay Standards Order ("COMPS").

58. In this e-mail, Plaintiff did not cite or reference the FLSA.

59. In this e-mail, Plaintiff informed Mountain West that due to being improperly classified as exempt, he was owed $129,719 in unpaid wages.

60. On November 18, 2024, Plaintiff received a response from Mountain West's human resources and Mountain West's attorney.

61. Specifically, Mountain West's attorney provided Plaintiff with a memorandum (the "Memorandum") setting forth why Mountain West believed that he was exempt.

62. The Memorandum did not discuss whether Plaintiff was exempt under COMPS.

63. Rather, the Memorandum only stated that Plaintiff was exempt under the FLSA.

64. In early December 2024, Plaintiff retained counsel.

65. On December 23, 2024 Plaintiff's counsel sent Defendant a demand letter alleging that pursuant to Colorado law Plaintiff was owed $139,012.14 in unpaid wages alone.

66. To date, Defendant has not provided Plaintiff his owed wages within 14 days of both Plaintiff's November 1, 2024 letter as well as Plaintiff's counsel's December 23, 2024 letter.

67. On January 17, 2025 Plaintiff resigned from Defendant.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Premiums**
**<u>Violation of the FLSA (29 U.S.C. § 201 et seq.)</u>**

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendant employed Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendant has annual gross revenues in excess of $500,000 and employed two or more persons, including

Plaintiff, who handles materials which move in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

70. Plaintiff was an "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

71. Defendant "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. 203(g).

72. Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

73. Defendant violated the FLSA because they refused to pay Plaintiff overtime premiums for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

74. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

75. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

76. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. 216(b).

**SECOND CLAIM FOR RELIEF**
**Failure to Pay All Earned, Vested and Determinable Wages**
**Violation of the CWCA (C.R.S. § 8-4-101, et seq.)**

77. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

78. Defendant was Plaintiff's "employer" as that term is defined by the CWCA because they employed Plaintiff. C.R.S. § 8-4-101(6).

79. Plaintiff was Defendant's "employee" as that term is defined by the CWCA because he performed labor for the benefit of Defendant. C.R.S. § 8-4-101(5).

80. Defendant violated the CWCA because they did not pay Plaintiff all earned, vested and determinable wages upon separation from employment. C.R.S. § 8-4-109.

81. Defendant incurred penalties under the CWCA because they failed to tender wages

due within 14 days of receipt of Plaintiff's demand for all wages due to him.  C.R.S. § 8-4-109.

82. Plaintiff has suffered lost wages and lost use of those wages and continue to do so in an amount to be determined at trial.

83. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to him, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### THIRD CLAIM FOR RELIEF
### Civil Theft, C.R.S. § 18-4-405

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

86. At all material times, Defendant employed, and continues to employ, "employees," (including Plaintiff) within the meaning of the Minimum Wage Act.

87. Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

88. Defendant's knowing failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401.  *See* C.R.S. § 8-6-116.

89. As a result, Defendant's failure to pay minimum wage under the Minimum Wage Act constitutes civil theft pursuant to C.R.S. § 18-4-405.

90. Plaintiff is entitled to treble damages and attorneys' fees to be determined at trial.

91. Plaintiff is also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

a. Plaintiff be awarded unpaid overtime premiums;

    b. Plaintiff be awarded liquidated damages as required by law;

    c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

    d. Plaintiff be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

And, as for his SECOND CLAIM and THIRD CLAIM, Plaintiff be awarded all damages provided for under the Colorado Minimum Wage Act.

Respectfully submitted this 13th day of February 2025 by:

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
jaronauer@aronauerlaw.com
(212) 323-6980

*Attorney for Plaintiff*

9