IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 25-cv-00477-REB-TPO

STEFAN HODGDEN,

 Plaintiff,

vs.

MOUNTAIN WEST INSURANCE AND FINANCIAL SERVICES LLC d/b/a MOUNTAIN WEST INSURANCE,

 Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART

**Blackburn, J.**

This matter is before the court on **Defendant Mountain West Insurance and Financial Services, LLC's Partial Motion To Dismiss Plaintiff's First Amended Complaint** [#25],[1] filed May 12, 2025.  I grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

### II.  STANDARD OF REVIEW

The instant motion implicates both Rule 12(b)(1) and Rule 12(b)(6).  A motion to dismiss for lack of standing implicates the court's subject matter jurisdiction, and, therefore, is construed pursuant to Fed. R. Civ. P. 12(b)(1).  ***See New Mexicans for***

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

***Bill Richardson v. Gonzales***, 64 F.3d 1495, 1498-99 (10th Cir. 1995). A 12(b)(1) motion may consist of either a facial or a factual attack on the complaint. ***Baker v. USD 229 Blue Valley***, 979 F.3d 866, 872 (10th Cir. 2020). The instant motion presents a facial attack, that is, it questions the sufficiency of the allegations of complaint, which I therefore must accept as true. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995), ***abrogated on other grounds as recognized in Ratheal v. United States***, 2021 WL 3619902 at *2 (10th Cir. Aug. 16, 2021). Once challenged, plaintiff bears the burden to demonstrate he has standing to bring suit. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). The court reviews the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). I must accept all well-pleaded factual allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." ***Robbins v. Oklahoma***, 519 F.3d 1242, 1248 (10th Cir. 2008). Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v.***

2

*City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff Stefan Hodgden alleges his quondam employer, defendant Mountain West Insurance and Financial Services, LLC ("Mountain West"), failed to pay him overtime wages by improperly classifying him as an exempt employee.  He brings claims under Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA), the Colorado Wage Claims Act, §§8-4-101 – 8-4-127, C.R.S. ("CWCA"), and the extant Colorado Overtime and Minimum Pay Standards Order,[2] 7 Colo. Code Regs. § 1103-1 (2024) ("Wage Order 38" or "COMPS"), and a claim for civil theft under Colorado law, §18-4-405, C.R.S.

By this motion, Mountain West moves to dismiss the state law claims.  It maintains that the CWCA and the COMPS Order do not apply to employees working outside the state of Colorado, and because Mr. Hodgden was a resident of Arizona working remotely for Mountain West during the entirety of the period relevant to this lawsuit,[3] he has no standing to bring such claims.  As for the claim of civil theft,

---

[2]  "The CWCA . . . [is] implemented through Colorado Minimum Wage Orders . . ., which are regularly promulgated by the Colorado Department of Labor and Employment.  Starting in 2020, the Department renamed its Wage Orders; they are now titled Colorado Overtime and Minimum Pay Standards ("COMPS") Orders."  *Gomez v. JP Trucking, Inc.*, 509 P.3d 429, 433-34 (Colo. 2022).

[3]  As Mountain West points out – and Mr. Hodgden does not address, much less contest – the statute of limitations for claims under the CWCA or the COMPS Order is generally two years from the date the wages are due, or three years if the violation was willful.  *See* §8-4-122, C.R.S.; 7 Colo. Code Regs. § 1103-8.2.  The statute of limitations for civil theft claims also is, at most, three years.  *See Commissiong v. Center at Lincoln, LLC*, 2025 WL 902898 at *3-5 (D. Colo. March 25, 2025) (analyzing whether two-year limitations period of § 13-80-102(1)(a), C.R.S., or three-year limitations period of §13-80-101(1)(h), C.R.S., applies to claims of civil theft).  Thus, Mr. Hodgden cannot recover for any claim to unpaid wages earned prior to December 23, 2021.  As he alleges he has been a resident of Arizona since 2019, he has no viable claim based on wages he earned while physically present in Colorado.

3

Mountain West points out that while this claim is expressly premised on an alleged violation the Colorado Minimum Wage Act ("CMWA"), §§8-6-101 – 8-6-120, C.R.S., the extant complaint sets forth no facts suggesting Mr. Hodgden was paid less than minimum wage. I concur in all particulars and therefore grant the motion.

By its express terms, Wage Order 38 "regulates wages, hours, working conditions, and procedures for all employers and employees *for work performed within Colorado*." Wage Order 38 ¶ 1:2.1 (emphasis added).[4] Courts in this district consistently have interpreted this provision, as well as its predecessor, as meaning that only employees physically located in Colorado are covered. **See Etana Custody Ltd. v. Cothey**, 2025 WL 947539 at *7 (D. Colo. March 28, 2025) ("The law is not unsettled on this issue, as both this Court and others have held that a plaintiff who neither lived nor worked in Colorado cannot bring a claim under the CWCA."); **Ewton v. Matrix Analytics, Inc.**, 2022 WL 4536231 at *2 (D. Colo. Sept. 28, 2022) ("[T]he CWCA only applies to employees in Colorado.") (footnote omitted); **Sanchez v. Q'Max Solutions, Inc.**, 2018 WL 1071133 at *3 (D. Colo. Feb. 27, 2018) ("Plaintiff admits that he did not work in Colorado and that he is not a resident of Colorado. . . . the CWCA and the Colorado Wage Order do not, therefore, apply to him."); **Abdulina v. Eberl's Temporary Services, Inc**., 79 F.Supp.3d 1201, 1205-06 (D. Colo. 2015) ("The Wage Claim Act applies only to workers in Colorado.").

Nothing in Mr. Hodgden's counterarguments convinces me that this case should be interpreted differently. While the decisions in **Abdulina** and **Sanchez** were decided

---

[4] On January 1, 2024, during the period of Mr. Hodgden's employment, Wage Order 38 was superseded by Wage Order 39. However, the language of this provision was unchanged. **See** 7 Colo. Code Regs. § 1103-1 ¶ 2.1 (2024).

4

under predecessors to Wage Order 38, which covered "employees for work performed within the boundaries of the state of Colorado," Wage Order 34 ¶ 1.1; Wage Order 35 ¶ 1.1, the court in *Ewton* found no "meaningful difference" between the language of those Wage Orders and Wage Order 38. *Ewton*, 2022 WL 4536231 at *2. Mr. Hodgden's attempts to distinguish these precedents on the facts likewise are not cogent.[5] While Mr. Hodgden points out that plaintiffs in these prior cases do not appear to have alleged, as he has, that they worked for clients based in Colorado or interacted with Colorado-based coworkers, he fails to explain how that distinction makes any difference. The fact remains that, regardless where his clients or coworkers were based, Mr. Hodgden performed *his* work duties in Arizona, where he resided. (*See* **Amend. Compl.** ¶ 51 at 5 (describing Mr. Hodgden's job duties as "sorting and assigning mail to other team members, reviewing upcoming insurance renewals and preparing a review packet for the responsive agent, updating the client's computer file, confirming billing and invoicing and communications with underwriters regarding renewals"). He therefore lacks standing to pursue claims under the CWCA and the COMPS Order, and those claims therefore will be dismissed with prejudice for lack of subject matter jurisdiction.

Mr. Hodgden's claim for civil theft also must be dismissed. This claim is based expressly on Mountain West's alleged failure to pay minimum wages in violation of the

---

[5] Indeed, in some instances, they are nonsensical. For example, Mr. Hodgden's insistence that the plaintiff in *Etana Custody Ltd.* did not allege he was a "virtual" employee defies logic. The plaintiff was a UK citizen living and working in Massachusetts. *See Etana Custody Ltd.*, 2025 WL 947539 at *7. Barring a rip in the space-time continuum, he could not have worked for the Colorado-based employer-defendant other than virtually.

CMWA.  (*See Amend. Compl.* ¶¶ 100-104 at 9.)  Yet nowhere in the amended complaint does Mr. Hodgden allege a single fact suggesting he was paid less than minimum wage.  He therefore fails to state *any* claim to relief under the civil theft statute, much less a plausible one.  This claim therefore will be dismissed without prejudice.

## IV.  ORDERS

For these reasons, the motion is granted, and the Second, Third, and Fourth Claims for Relief set forth in the amended complaint will be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Mountain West Insurance and Financial Services, LLC's Partial Motion To Dismiss Plaintiff's First Amended Complaint** [#25], filed May 12, 2025, is granted;

2. That the Second and Fourth Claims for Relief set forth in the **Amended Complaint for Unpaid Wages** ([#11], filed April 28, 2025), alleging claims for violation of the Colorado Wage Claims Act and the Colorado Overtime and Minimum Pay Standards Order, respectively, are dismissed with prejudice for lack of subject matter jurisdiction;

3. That the Third Claim for Relief set forth in the **Amended Complaint for Unpaid Wages** ([#11], filed April 28, 2025), alleging a claim for civil theft, is dismissed without prejudice for failure to state a claim;

4. That at the time judgment enters, judgment with prejudice shall enter on behalf of defendant, Mountain West Insurance and Financial Services, LLC d/b/a

Mountain West Insurance, against plaintiff, Stefan Hodgden, as to Mr. Hodgden's claims under the Colorado Wage Claims Act (Second Claim for Relief) and the Colorado Overtime and Minimum Pay Standards Order (Fourth Claim for Relief); and

5.  That at the time judgment enters, judgment without prejudice shall enter on behalf of defendant, Mountain West Insurance and Financial Services, LLC d/b/a Mountain West Insurance, and against plaintiff, Stefan Hodgden, as to Mr. Hodgden's claim for civil theft (Third Claim for Relief).

Dated July 21, 2025, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge